IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EISHMEL LEE ASHFORD, § | |
|     PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:07-CV-271-A |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
|     RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Eishmel Lee Ashford, TDCJ-ID #1161600, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Coffield Unit, Tennessee Colony, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  CASE HISTORY

> The state appellate court summarized the underlying facts:
>
> On July 1, 2002, Arlington Police Department officers Pamela Gold and Carol McColgin responded to a call at an Arlington apartment complex. After completing their response to the call, the two officers ran a routine license plate check on a car parked in the parking lot of the apartment complex. After discovering that the license plate on the car was cancelled, the officers initiated a traffic stop. Because Appellant Eishmel Lee Ashford appeared nervous and fidgety, the officers asked Appellant to step out of the vehicle. At Officer Gold's request, Appellant signed a consent to search the vehicle. During the subsequent search, the officers discovered crack cocaine between the driver's seat and the center console. Appellant was arrested and placed in a police patrol car.
>
> At trial, Officer McColgin testified that while Appellant was seated in the patrol car, he volunteered several incriminating admissions. Appellant objected to any statements made after he was placed under arrest and took Officer McColgin on voir dire. Outside the presence of the jury, Officer McColgin testified that following the arrest, Appellant stated between six and eight times that the vehicle he was driving belonged to him and that no one else drove it or had access to it. This information, according to Officer McColgin, was not offered in response to any questioning by the officers. The trial court overruled Appellant's objection to any statements after arrest, ruled that Appellant's statements were not the result of interrogation, and allowed the statements into evidence before the jury.

*Ashford v. State*, No. 02-03-140-CR, slip op. 1-2 (Tex. App.–Fort Worth June 24, 2004).

A jury found Ashford guilty of possession of a controlled substance in Cause Number 0850929D in the 372nd District Court of Tarrant County, Texas, and the trial court sentenced Ashford to thirty-five years imprisonment. (C.R. at 17). The Texas Court of Appeals affirmed the judgment on direct appeal. *Ashford v. State*, No. 2-03-140-CR (Tex. App.–Fort Worth June 24, 2004, pet. ref'd). The Texas Court of Criminal Appeals refused Ashford's petition for discretionary review. *Ashford v. State*, No. PD-1084-04 (Tex. Crim. App. Dec. 1, 2004).

Ashford filed a state application for writ of habeas corpus challenging his conviction, which the Texas Court of Criminal Appeals denied without written order. *Ex parte Ashford*, No. WR-

63,239-04 (Tex. Crim. App. Apr. 11, 2007).[1] Ashford filed his federal petition for writ of habeas corpus on April 27, 2007.

D.  ISSUES

Ashford asserts the following as grounds for relief:

1.  The arresting officer had no reasonable suspicion to justify an investigatory stop and his arrest was pretextual;

2.  He was not advised of his 5th Amendment right against self-incrimination, therefore statements he made following his arrest were inadmissible; and

3.  He was denied the effective assistance of counsel.

E.  RULE 5 STATEMENT

Respondent agrees that the petition is timely filed and Petitioner has sufficiently exhausted available state remedies on the issues presented.

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Respondent has provided records from other collateral state court actions instituted by Ashford; however, citations to the state habeas record [abbreviated as State Habeas R. ___] refer to the state court papers from Case # WR-63,239-04 only.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Mere disagreement with the state court is not enough. *Montoya*, 226 F.3d at 404. Federal habeas relief is available only when the state court makes both an incorrect and objectively unreasonable application of governing law. *Smith v. Quarterman*, 515 F.3d 392, 399 (5th Cir. 2008). In addition, state court determinations of underlying factual issues are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G.  DISCUSSION

   1.  Unlawful Search and Seizure

Ashford contends that his conviction is the result of an illegal stop, search and seizure. Generally, a federal court does not have the authority to grant habeas corpus relief for Fourth Amendment claims unless the petitioner was denied the opportunity to fully and fairly litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Mere errors in the state court's adjudication of Fourth Amendment claims are not an exception to the Supreme Court's prohibition. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). Ashford does not assert nor do the state court

records reflect that he was denied the opportunity to fully and fairly litigate his Fourth Amendment claims. Federal habeas corpus review is foreclosed. *See Moreno*, 450 F.3d at 167; *Bridgers v. Dretke*, 431 F.3d 853, 861 (5th Cir. 2005).

    2.    Custodial Statements

Ashford contends that the trial court erred in admitting incriminating statements that he made while in police custody, but before he was advised of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The statements involve Ashford's affirmations that he owned the car and that no one else had driven the car. Once a suspect is in custody any statements made during a custodial interrogation will not be admissible unless procedural safeguards were used to secure the privilege of self-incrimination. *Id.* at 444, 86 S.Ct. at 1612. A custodial interrogation is one that is initiated by law enforcement after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.,*, 86 S.Ct. at 1612. Interrogation refers not only to express questioning, but also to any words or actions on the part of the police that the police should have known were reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-302, 100 S.Ct. 1682, 1689 - 1690, 64 L.Ed.2d 297 (1980).

The trial court found that Ashford was in custody when he made the statements, but the statements were volunteered and not the result of an interrogation. (3 Rep. R. at 46-50). On direct appeal, the state appellate court agreed, finding that Ashford had provided no evidence to support his assertion that the statements were the result of custodial interrogation. *Ashford*, No. 02-03-140-CR, slip op. at 3-5. Ashford also raised this same complaint in his state application for habeas relief,

but the state court rejected his claim because it had already been litigated and resolved on direct appeal. (State Habeas R. 119).

The arresting officer testified that Ashford stated that the car was his, that he had owned it for approximately two months, and that he was the only person who had access to or drove the car. (3 Rep. R. 52). Ashford was under arrest and seated in a patrol car when he made those statements, but the officer also testified that Ashford was not responding to any questions from the officers when he volunteered those statements. (3 Rep. R. 45). There is no evidence that the statements were the product of the arresting officers' questions or conduct that could be construed as the functional equivalent of questioning. Ashford relies on the fact that he was in custody, but being in custody does not render every statement made thereafter a product of custodial interrogation. Interrogation, for purposes of *Miranda*, must reflect a measure of compulsion above and beyond that inherent in custody itself. *Innis*, 446 U.S. at 300, 100 S.Ct. at 1689; *United States v. Gonzales*, 121 F.3d 928, 939-40 (5th Cir. 1997). Ashford has failed to demonstrate that the state courts reached an unreasonable decision in concluding that his incriminating statements were not elicited in response to custodial interrogation and were thus admissible.

3.  Ineffective Assistance of Counsel

Ashford contends that he was denied his Sixth Amendment right to the assistance of counsel at trial. The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second

prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id*. at 694, 104 S.Ct. at 2068.

The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id*. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions of law and fact. *Id*. at 698, 104 S.Ct. at 2070. Because the state court rejected Ashford's complaints about his trial counsel, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Ashford complains that defense counsel Charles Roach should have filed a motion to suppress the drugs because they were seized as a result of an illegal search, but Ashford can demonstrate neither deficient performance nor prejudice. The record establishes that the drugs were found in Ashford's car after he gave written permission to the officers to search his car. (3 Rep. R. 61-66). Ashford complains that the officers had conducted a preliminary search before requesting and obtaining his consent to search his car; however, the state court found no credible evidence that the officers began to search the car before Ashford consented. (State Habeas R. 115). Ashford has not rebutted this determination with clear and convincing evidence. Roach's failure to file a motion to suppress the evidence was not deficient, nor has Ashford shown a reasonable probability of a different outcome if Roach had filed a motion to suppress.

Ashford also asserts that Roach should have challenged the chain of custody used to handle the drugs removed from the car. The state court found that the proper chain of custody was

maintained and that there was no proof that the drugs seized from Ashford's car had been tampered with by the arresting officers or laboratory technicians. (State Habeas R. 116-17, 121). Ashford has not rebutted these factual determinations by clear and convincing evidence. Roach was not constitutionally deficient in failing to challenge the chain of custody, and there is no reasonable probability of a different outcome had defense counsel raised such a challenge.

Ashford asserts that Roach should have objected to the prosecution's improper use of a previous conviction for enhancement purposes. Ashford complains that he was subject to an enhanced punishment range because of the prosecutor's reliance on a conviction that was final more than a decade before he committed his current offense. Texas does not have a rule of remoteness limiting the use of a prior conviction for enhancement purposes. *Hicks v. State*, 545 S.W.2d 805 (Tex. Crim. App. 1977); *Loud v. State*, 499 S.W.2d 295, 298 (Tex. Crim. App. 1973). Ashford also fails to direct the court's attention to any federal constitutional prohibition against the use of convictions of a certain age for enhancement purposes. *Cf. United States v. Parker*, 505 F.3d 323, 330-33 (5th Cir. 2007), *cert. denied,* 128 S.Ct. 1323 (2008)(finding no support for complaint that use of remote convictions to impose life sentence statutorily required for habitual offender violated Eighth Amendment). The state court rejected Ashford's complaint that Roach should have contested the use of prior convictions on grounds of remoteness, (State Habeas R. 120), and Ashford has not demonstrated that this was an unreasonable determination.

Ashford also complains that counsel prevented him from testifying during the guilt/innocence phase of trial, then allowed him to testify during the punishment phase, where the prosecutor tricked him into admitting that he was guilty as already found by the jury. (5 Rep. R. 14). Ashford admits that Roach advised him not to testify at the guilt/innocence phase because of concern

that Ashford's record of previous convictions, which included drug-related offenses, would be used against him if he had chosen to testify. (Pet'r Mem. at 23-25). Ashford's argument that counsel allowed him to be tricked at the punishment phase is similarly meritless. Ashford affirmed that he was testifying freely and voluntarily, and he was cautioned that he would be unable to pick and choose which questions he would answer. (5 Rep. R. 8-10). The state court found that it was Ashford's decision not to testify at the guilt/innocence phase and it was his decision to testify at the punishment phase. (State Habeas R. 116). Ashford has not rebutted these findings or demonstrated that trial counsel's advice that he should or should not testify was anything but reasonable trial strategy.

Ashford complains that Roach should have called witnesses to establish that Ashford was not the only person with access to the car. In support of his claims for relief, Ashford provided affidavits from witnesses who were willing to testify that they had driven Ashford's car or knew other people who drove the car, but none of the witnesses indicated they knew who put the drugs in the car. The state court found no evidence or no credible evidence that Ashford told Roach about these witnesses or that any of the witnesses would have testified that the contraband found in the vehicle belonged to them and not Ashford.[2] (State Habeas R. 116, 120). The question is not whether a federal court believes the state court's resolution of an issue was incorrect, but whether that determination was unreasonable, which is a substantially higher threshold. *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008)(citing *Schriro v. Landrigan*, --- U.S. ----, 127 S.Ct.

---

[2] Roach provided an affidavit in the state court proceedings in which he asserted that he had one witness attend the trial, but the witness declined to testify after talking with Ashford and Roach. He also recalled that two of Ashford's relatives attended the trial, but neither wanted to testify. (State Habeas R. 108).

1933, 1939, 167 L.Ed.2d 836 (2007)). Ashford has not made that showing with respect to his allegations of uncalled witnesses.

Ashford fails to provide clear and convincing evidence to rebut the presumption of correctness afforded to the underlying state court findings, nor has he demonstrated that the state courts acted contrary to or unreasonably applied clearly established federal law in rejecting his complaints of ineffective assistance of counsel at trial.

H. EVIDENTIARY HEARING

Ashford requests an evidentiary hearing. If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new (and retroactive) rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's entitlement to relief. *See* 28 U.S.C. § 2254(e)(2). *See generally Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000).

Ashford argues, but has not demonstrated, that he was diligent in pursuing the development of his claims in the state courts. *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000)(finding that mere request for state court evidentiary hearing is not enough to show diligence). In addition, he has not pointed to any new rules of constitutional law in support of his claim and has not identified a specific factual dispute whose favorable outcome in the event of a hearing would entitle him to relief.[3] He has not satisfied the statutory requirements that would justify an evidentiary hearing.

---

[3] Ashford has provided affidavits from witnesses who would have testified that other people used or had access to Ashford's car; however, this same information is in the state court record.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied. The request for an evidentiary hearing should also be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until August 8, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until August 8, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED JULY 17, 2008.


   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE