

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EISHMEL L. ASHFORD,               §
                                  §
         Applicant,               §
                                  §
VS.                               §    NO. 4:07-CV-271-A
                                  §
NATHANIEL QUARTERMAN, DIRECTOR,   §
TEXAS DEPARTMENT OF CRIMINAL      §
JUSTICE, CRIMINAL INSTITUTIONS    §
DIVISION,                         §
                                  §
         Respondent.               §

ORDER

On May 3, 2007, applicant, Eishmel Lee Ashford, ("Ashford") filed his application pursuant to the authority of 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.[1] On May 10, 2007, Ashford filed his memorandum brief in support of his application. On July 12, 2007, respondent, Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, filed its answer to the application. On September 14, 2007, Ashford replied to respondent's answer. On July 17, 2008, United States Magistrate

---

[1] The title of the document filed by Ashford was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed May 3, 2007, as an "application" and is referring to Ashford as "applicant."

Judge Charles Bleil issued his proposed findings, conclusion, and recommendation in which he recommended that the application be denied.

Judge Bleil gave the parties until August 8, 2008, to serve objections to his proposed findings, conclusions, and recommendation. Ashford filed objections on October 24, 2008, after having obtained an extension of time from the court for the filing of his objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Having reviewed pertinent parts of the record, the court has concluded that petitioner's objections are without merit, that the magistrate judge's proposed findings, conclusions, and recommendation should be approved, and that the relief Ashford seeks by his application should be denied.

For the most part, the arguments Ashford presents as objections are nothing more than a rehash of the grounds of his motion. The nearest he comes to a definitive statement of objections are the two paragraphs under the heading "CONCLUSIONS," which read as follows:

> 1. The Magistrate should not have deferred to the State Court's findings, conclusions on petitioner's claim that his trial counsel was ineffective for failing to call witnesses, because the state habeas court's adjudication of the claim resulted in the denial of the claim based on the unreasonable determination that neither of the witnesses testimony would have benefited [sic] petition in light of the witnesses' affidavits presented in the state court habeas proceeding.
>
> 2. Because there has been no lack of diligence attributable to petitioner in trying to develop the factual basis of his claim ,that [sic] his trial counsel was ineffective for failing to call Ewellneela Daniels or Audrey N. Herod to testify, in the state court, 28 U.S.C. § 2254(e)(2), does not apply to the claim. Therefore, petitioner's request for a [sic] evidentiary hearing should have been granted.

Objections at 12.

Those objections are without merit. The state court's habeas determinations related to Ashford's ineffective-assistance-of-counsel claims were not unreasonable, nor has Ashford satisfied the statutory requirements that would justify an evidentiary hearing. He has failed to point to any new rule of constitutional law in support of his claims, and he has failed

3

to identify a specific factual dispute whose favorable outcome in the event of a hearing would entitle him to relief.

Therefore,

The court ORDERS that the proposed findings, conclusions, and recommendation of the magistrate judge be, and are hereby, adopted, and that the relief Ashford seeks by his application be, and is hereby, denied.

SIGNED October 27, 2008.

_____
JOHN McBRYDE
United States District Judge